Lafayette S. JAMERSON, as an individual dba Jamerson Contractors, Plaintiff–Appellant,

v.

Willie BROWN, Mayor; Louise Renne, City Attorney of CCSF; Frank Y. Chiu, Director, Department of Building Inspection; Robert Passmore, Defendants–Appellees.

No. 00–15987.

D.C. No. CV–97–02800–VRW.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 12, 2001.[1]

Decided Feb. 22, 2001.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before LEAVY, THOMAS, and RAWLINSON, Circuit Judges.

## MEMORANDUM [2]

Lafayette S. Jamerson appeals pro se an order of the district court denying his Fed. R.Civ.P. 60(b) motion for reconsideration of summary judgment in his civil rights action. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review Rule 60(b) orders for an abuse of discretion. *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir.2000). Jamerson's motion argued only that he failed to oppose summary judgment or to offer substantive opposition in his response to the order to show cause due to his pro se status. Because Jamerson did not point to any error of law or fact in the grant of summary judgment, the district court did not abuse its discretion in denying reconsideration. *See* Fed. R.Civ.P. 60(b). That Jamerson chose to focus his attention on other litigation did not constitute excusable neglect under Rule 60(b)(1) or require extraordinary relief under Rule 60(b)(6). *See Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn*, 139 F.3d 664, 666 (9th Cir.1997); *cf. Bateman*, 231 F.3d at 1225 (counsel knew of adversary counsel's emergency travel but did not advise court and instead moved to have summary judgment granted as unopposed).

AFFIRMED.

---

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

